IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JAMES M. SHANNON (# R4963)**  PETITIONER

v.  No. 1:13CV35-A-S

**CHRISTOPHER EPPS, ET AL.**  RESPONDENTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James M. Shannon for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition, and Shannon has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the petition dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

The Petitioner, James M. Shannon, is lawfully in the custody of Earnest Lee, Superintendent of the Mississippi State Penitentiary in Parchman, Mississippi. Shannon pleaded guilty to one (1) count of aggravated assault in the Circuit Court of Lee County, Mississippi. On November 17, 2011, he was sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections ("MDOC"), with twelve (12) years suspended and five (5) years post-release supervision. Exhibit A. According to the records of the Mississippi Supreme Court Clerk's office and the Lee County Circuit Clerk, Shannon has filed no direct appeal or motion for post-conviction relief at this time. In the instant petition, Shannon does not appear to challenge his conviction or sentence; he argues that there is a miscalculation on his prison time sheet relating to Meritorious Earned Time ("MET").

In his current habeas petition, filed on January 20, 2013, Shannon raises the following

issue pro se:

> **Ground One.** I filed an Administrative Remedy. On Jan 17 I was sent to (WCCRCF) Winston Choctaw Regional Correctional Facility. I was placed in Trustee Status 1-24-12. I started GED program in Feb 201[2], to my understanding I would be receiving 10 days MET for GED and certain jobs I obtain. I was given a job in the kitchen which I would receive 10 days MET every month. On 4-6-12 for my duties performed in the kitchen and for attending classes GED.

In his request for relief, Shannon asks the court to grant him 300 days of Meritorious Earned Time and that he be released from MDOC custody and placed on probation. Shannon previously filed a 42 U.S.C. § 1983 petition in the US District Court, Southern District, raising the same claim. On January 8, 2013, that Court dismissed the cause of action sua sponte and held that the claim was habeas in nature and could not be maintained in § 1983. Case No. 3:12-cv-814-TSL-MTP (S.D. Miss.) The Court noted that a review of the complaint showed that the Shannon had not met the exhaustion requirement to seek *habeas corpus* relief. Further, the Court held that Shannon could only pursue a *habeas corpus* petition after exhausting his administrative remedies as set forth in MISS. CODE ANN. §§ 47-5-801 through 47-5-807. *Id.*

**Exhaustion Requirement**

The instant petition for a writ of *habeas corpus* should be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254 provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process
> ineffective to protect the rights of the appellant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available
> in the courts of the State, within the meaning of this section, if he has the
> right under the law of the State to raise, by any available procedure, the
> question presented.

28 U.S.C. § 2254(b)(1) and (c).

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Shannon's sole ground has not been exhausted in the state courts. He has not given the state's highest court, the Mississippi Supreme Court, an opportunity to review his claim. As such, the instant federal habeas corpus petition will be dismissed for lack of exhaustion of the claims presented in the sole ground of the instant petition. A final judgment consistent with this

memorandum opinion will issue today.

**SO ORDERED,** this the 29th day of August, 2013.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**